## Garrett Estate.

Argued April 17, 1952. Before DREW, C. J., JONES, BELL and MUSMANNO, JJ.

*Anna Gadle,* appellant, in propria persona.

*Harry T. Devine,* Assistant Counsel, with him *Percival H. Granger,* Counsel, *Joseph X. Yaffe,* Assistant Counsel, *Harry F. Stambaugh,* Special Counsel, and *Robert E. Woodside, Jr.,* Attorney General, for Commonwealth, appellee.

*Arthur R. Schor,* with him *Harold I. Baynton, Gerald A. Gleeson* and *Howard H. Yocum,* for Attorney General of United States et al., appellees.

OPINION PER CURIAM, June 24, 1952:

Henrietta E. Garrett died on November 16, 1930, intestate as to her residuary estate of over $17,000,000. This is an appeal in propria persona by Anna Gadle from the adjudication of the Orphans' Court of Philadelphia County rejecting her claim and awarding the estate to certain named next of kin, and the decree approving the schedule of distribution.

Nearly 26,000 claims were filed in the Court below by persons claiming the estate as next of kin. The Orphans' Court appointed a Master and examiners who held some 2,000 hearings and took the testimony of over 1,100 witnesses. The record composed mainly of testimony and exhibits, totals 390 volumes. After a painstaking examination of the thousands of claims which were presented during a period of 14 years the Master submitted to the Orphans' Court on September 18, 1950 a 900 page report which included 2,077 findings of fact and 36 conclusions of law. The Master found that the decedent, Henrietta E. Garrett, nee Schaeffer, was survived by three first cousins, Herman Adolph Kretschmar, Howard Sigismund Kretschmar and Johann Peter Christian Schaefer I, and that these relatives were entitled, as next of kin, to her estate under the Intestate Act of June 7, 1917, P. L. 429.

Judge KLEIN, who sat as auditing Judge in the Orphans' Court, adopted all of the findings of fact and all of the conclusions of law found or made by the Master except one which is immaterial in the determination of this appeal. Judge KLEIN ordered distribution of the estate to the successors in interest of Herman A. Kretschmar, Howard S. Kretschmar and Johann Peter Christian Schaefer I; his adjudication was confirmed absolutely by the Orphans' Court on January 10, 1952, and the schedule of distribution filed pursuant to the adjudication was approved on January 31, 1952.

The appellant, Anna Gadle, testified before the Master, before the Examiners and also before the auditing Judge; her claim was rejected along with 25,000 other claims. She argued her own appeal in this Court and prepared her own brief. It is difficult to determine precisely upon what legal ground she asserts her relationship to the decedent, especially as she alleges that her testimony was changed repeatedly by the Master or by the stenographer. However, we believe that she alleges that her father had an uncle named Christian Schaeffer and that this great-uncle of hers was the same person as Christopher Schaeffer who was the father of Henrietta E. Garrett, the decedent. One thing is certain—appellant claims through her father to be a first-cousin-once-removed of the decedent and also claims through her mother to be a second cousin of the decedent.

Pedigree is an exception, arising ex necessitate, to the hearsay rule. Pedigree may be proved by certain limited types of hearsay evidence, including inter alia church records, birth certificates, baptismal certificates, marriage certificates, death certificates, family Bibles, ancient documents, tombstones or monuments on graves with inscriptions thereon, and declarations of members of the family. Identity of names, religion and place of nativity are competent evidence to prove

kinship or pedigree, but alone and of themselves, are insufficient to establish a finding of kinship.

Appellant's case is based upon the following evidence: (1) 48 church records of the Catholic Church of Pilisvorosovar, Hungary; (2) declarations made by the father of the appellant that he was a nephew of Christian Schaeffer; (3) statements made to appellant by her attorney post litem motam.

The church records upon which appellant relies and which she alleges trace her ancestry to a common ancestor with the decedent were not authenticated or certified by the United States Consul in Hungary and there was no proof that the records were required to be maintained by the law of Hungary; they must therefore be considered to be only private church records and insufficient to establish the birth of the individuals named therein or their parentage: *Sitler v. Gehr*, 105 Pa. 577.

Even if the church records were sufficient to establish the facts which they purport to record, none of these records contain the name of either Christopher Schaeffer, or Christian Schaeffer, whom the appellant claims was her great-uncle as well as the father of the decedent. To bridge this gap and to furnish this necessary link in the ancestral chain, claimant relies on statements which were made to her by her father that he had an uncle, Christian Schaeffer. Declarations as to pedigree are admissible if (1) the declarant is dead; (2) the declarations were made before the controversy arose or as is frequently said, "ante litem motam"; and (3) the declarant was related to the family of which he spoke, and this relationship is proved by evidence dehors the declaration. The rule does not require that the witness who testifies in court must be related to the person whose pedigree is under consideration, but that the declarant whose statements are given in evidence by the witness was so related:

*Link's Estate (No. 1)*, 319 Pa. 513, 520, 180 A. 1; *Sitler v. Gehr*, 105 Pa. 577, 596.

Assuming that the testimony of claimant as to the declarations of her father was credible and that the declarations had been made by her father ante litem motam and that there was evidence dehors the declaration to connect the father with the family of which he spoke, the father's declarations would be competent evidence to prove his relationship to his uncle, Christian Schaeffer. However, unfortunately for claimant, there is no evidence that her great-uncle Christian Schaeffer was the same Christopher Schaeffer who was the father of the decedent. Indeed, she states in her brief that he is not the same Christopher Schaeffer who the Master found was the father of Henrietta E. Garrett. Appellant seeks to bridge this additional gap and to furnish this additional and necessary link in her pedigree by testifying that the attorney whom she retained in 1934 told her that her great-uncle, Christian Schaeffer, and the Christopher Schaeffer who was the father of Henrietta E. Garrett were one and the same person. This hearsay testimony, which incidentally was made three years after the death of Henrietta E. Garrett, is obviously and unquestionably inadmissible.

Assuming, arguendo, that all of the evidence which appellant offered was admissible, and assuming that she had conclusively established that she was as she claimed to be, a first-cousin-once-removed, or a second cousin of the decedent, she would still not be entitled to a share of the estate of Henrietta E. Garrett. The law is well settled in Pennsylvania that under the Intestate Act of June 7, 1917, P. L. 429, first cousins take the entire estate to the exclusion of first-cousins-once-removed, and of second cousins: *Miles's Estate*, 272 Pa. 329, 116 A. 300; *Bell's Estate*, 31 D. & C. 670; Hunter, Pennsylvania Orphans' Court Commonplace Book, Vol. I, page 674

The auditing Judge found upon adequate evidence that the present claimant was neither a first cousin once removed on her father's side nor a second cousin of Mrs. Garrett on her mother's side, and dismissed her claim. Where findings of fact of an auditing Judge confirmed by the Court en banc are amply supported by the evidence, they will not be reversed by an appellate Court. For each and all of the above-mentioned reasons, this appeal must be dismissed.

Decree affirmed; costs to be paid out of the decedent's estate.

Mr. Justice ALLEN M. STEARNE and Mr. Justice CHIDSEY took no part in the consideration or decision of this case.