## McClain Estate

*Lightcap, McDonald and Moore,* for executor.

*Thomas J. Godlewski* and *David R. Gray,* for caveators and petitioners.

KEIM, *P.J.,* February 26, 1980—This matter is before the court to determine whether the caveators and petitioners stand within the necessary degree of relationship to contest the last will and testament of decedent and a charitable inter vivos unitrust.

## I. HISTORY OF THE CASE

Decedent, Harry McClain, died on December 20, 1975. Subsequent to the probate of his last will and testament, caveators entered their objections to the will of decedent contesting the will's validity on the basis of incompetency, undue influence, etc. In addition, a petition was filed by caveators and petitioners contesting the validity of the charitable inter vivos unitrust again alleging incompetency, undue influence, etc. Answers were filed to the caveat and petition by the executor of the estate of decedent and beneficiary of the trust.

At a pretrial conference, it was ordered that the hearing be heard to determine whether the caveators and petitioners stood within the necessary degree of relationship to contest the will and trust.

This court ruled that the caveators and petitioners did not establish sufficient evidence to support the claim of relationship as a matter of law. Exceptions were filed, answered, and this court acting as the court en banc dismissed the exceptions. Subsequently, exceptants appealed to the Pennsylvania Supreme Court, and in the case of

McClain Estate, 481 Pa. 435, 392 A. 2d 1371 (1978), the Supreme Court reversed this court and ordered a new hearing. That hearing was held on March 22, 1979, and counsel for all parties were given time to submit briefs and requests for findings of fact and conclusions of law.

## II. FINDINGS OF FACT

1. Decedent, Harry McClain, was a first cousin of one Thatcher Artis.

2. The caveators and petitioners, Hazel Artis Baird, Margaret Artis Huffman, Ruth Artis Lipinsky and Clara Jennie Artis Palmer, are the only children of Thatcher Artis who predeceased Harry McClain.

3. The caveators and petitioners are first cousins once removed of decedent, Harry McClain.

4. Approximately ten years prior to his death, decedent informed one Mrs. Florence Lewis that he was the cousin of Thatcher Artis, i.e., decedent told Florence Lewis that his father and Thatcher Artis' mother were brother and sister.

5. It was common knowledge in the community of Youngstown, Pa. that Harry McClain and Thatcher Artis were in fact cousins.

6. The birth records and death records of the Commonwealth of Pennsylvania and census records and pension records of the United States of America which were offered in this case prove the facts contained thereon due to the pedigree exception to the hearsay rule.

## III. DISCUSSION

The central area of inquiry in this matter deals with the infrequently used legal concept of the

pedigree exception to the hearsay rule. The most recently enunciated law applicable to pedigree is McClain Estate, supra.

In order for a declaration concerning one's own pedigree to be admissible into evidence, only two elements need be shown:

(1) That the declaration was made ante litem motam, and

(2) That the declarant is now dead.

See McClain Estate, supra.

With this rule of law in mind, the testimony of Mrs. Florence Lewis as to statements made to her by Harry McClain ten years before his death are admissible.

There is also some argument as to whether or not the testimony of petitioners and caveators as to certain statements made by Thatcher Artis, which indicated that decedent Harry McClain was his cousin, are admissible. It seems clear that under the rationale of the McClain case, supra, the Supreme Court would under the present circumstances permit those statements to be admitted into evidence also.

As to the various birth, death, pension, census records, etc., there is also some argument. The fact that the documents were exemplifications of records, documents under seal, either Federal or state, and other certified documents demonstrates their authenticity rather than a mode of admission into evidence. They were in this case offered under the pedigree exception to the hearsay rule. In Garrett Estate, 371 Pa. 284, 287, 89 A. 2d 531 (1952) (cited in McClain Estate, supra), the court stated as follows: "Pedigree may be proved by certain limited types of hearsay evidence, including inter alia church records, birth certificates, baptismal cer-

tificates, marriage certificates, death certificates, family Bibles, ancient documents, tombstones or monuments. . . ."

In McClain, supra, at fn. 6, the court states:

"The remaining issues raised by appellants also involved evidentiary rulings by the trial court which ruled certain evidence inadmissible to show pedigree because a proper foundation had not been laid for its admission. We assume, without deciding, that these rulings based on insufficient foundation were proper. However, because of our decision today regarding the testimony of Mrs. Florence Lewis and Mrs. Hazel Baird, appellants should have little difficulty in establishing the proper foundation for the introduction of this evidence of remand."

With the foregoing rationale in mind, it is the opinion of this court, that the foregoing documents and records were properly admitted into evidence in this case.

The last question that this court feels it need address is the question raised by the executor that petitioners and caveators are barred from pursuing their claim as a class unless and until they account for the status of all members of the class from which they take. In other words, counsel for the executor argues that petitioners and caveators have not accounted for all of the aunts, uncles, nephews or nieces in the collateral line from which they claim. Not having done so, it is argued the caveators and petitioners have no standing to contest the will and trust.

With this argument, the court does not agree. This court makes no determination or finding at this time as to whether or not all aunts, uncles, etc.,

have been accounted for, because the court does not believe that is necessary at this time. Petitioners and caveators have as discussed herein properly established that they are the first cousins once removed of decedent and therefore have standing to contest this will. No one else has come forward and to require that petitioners and caveators do any more than they have already done in accounting for any possible heirs would be to impose an unwarranted burden upon them.

In essense, it is the opinion of this court that under the current Pennsylvania law, petitioners and caveators have established that they stand within the necessary degree of relationship to contest this will and trust.

## IV.  CONCLUSIONS OF LAW

1.  The testimony of Mrs. Florence Lewis is admissible under the case law enunciated in the case of the McClain Estate, supra.

2.  The testimony of Mrs. Florence Lewis establishes that Harry McClain, decedent, and Thatcher Artis were cousins.

3.  The testimony of petitioners and caveators establishes that Harry McClain and Thatcher Artis were cousins and that they are the only children of Thatcher Artis and the first cousins once removed of Harry McClain.

4.  The records and documents offered as exhibits by petitioners and caveators establish that petitioners and caveators are the first cousins once removed of Harry McClain.

5.  The pedigree exception to the hearsay rule allowed the introduction of the aforementioned testimony and exhibits.

6. Petitioners and caveators are entitled to contest the will and gifts made by Harry McClain because they are his first cousins once removed.

## ORDER

And now, February 26, 1980, it is hereby ordered and decreed that caveators and petitioners herein stand within the necessary degree of relationship to contest the will and trust in question and it is therefore directed that the case proceed to trial on the questions of substance raised in the petition and caveat filed in the matter herein.